**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN GERBA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 7235 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| NATIONAL HELLENIC MUSEUM, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The National Hellenic Museum has filed a motion for reconsideration of the Order requiring it to produce seven of forty-nine emails listed on its privilege log. The Museum claims the court committed an error of law and/or fact in determining that based on the Museum's descriptions in its privilege log, it had not met its burden of establishing the privilege was applicable to the seven documents. *See United States v. BDO Seidman*, 337 F.3d 802, 811 (7th Cir. 2003); *In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir.2000); *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir.1997). Although generally disfavored, *Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 932 (7th Cir. 2018)*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d, 1191 (7th Cir.1990), motions for reconsideration have their place under the right circumstances. *White v. Wheeler*, _U.S._,136 S.Ct. 456, 462 (2015); *Terry v. Spencer*, 888 F.3d 890 (7th Cir. 2018). But this is not one of them.

First, the Museum's brief cites but a single case in support of its request for reconsideration and it cites that case, *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991), for the general elements of attorney-client privilege, not to support its specific arguments here. [Dkt. #62, at 4]. For that reason alone, the motion should be denied. Arguments unsupported by citation to pertinent

authority are deemed waived. *United States v. Parkhurst*, 865 F.3d 509, 524 (7th Cir. 2017); *Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009). "[G]eneral propositions do not decide concrete cases." *Lochner v. New York*, 198 U.S. 45, 76 (1905) (Holmes, J., dissenting).

Second, the Museum brings its motion under Fed.R.Civ.P. 59(e). But that Rule applies to judgments, not rulings on discovery disputes. *See, e.g., Terry*, 888 F.3d at 893; *F.D.I.C. v. Mahajan*, 2013 WL 3771419, at *1 (N.D. Ill. 2013). Still, a court does have the authority to revisit even its rulings, *Terry*, 888 F.3d at 893-94, but the circumstances for doing so are limited, and, as we have noted, they are not present here. *See, generally, McCarty v. Menards*, 2018 WL 4275398, at *1 (N.D. Ill. Sept. 7, 2018). Indeed, the Museum's motion basically rehashes previously rejected arguments or raises arguments or evidence that ought to have been raised in the first go around. *Cehovic-Dixneuf*, 895 F.3d at 932; *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014). But, some brief comment about the arguments the Museum makes are appropriate, if for no other reason than to try to avoid similar motions in the future.

Regarding the seven emails at issue, the Museum argues that the combination of its vague claim as to emails 20 and 21 and its unadorned claims as to emails 36 to 40 that its discussions about security at a museum obviously constitute legal advice. As to emails 20 and 21, the Museum said it sometimes sought legal advice from the Calamos Family Partners; as the court indicated, that doesn't mean this time or all the time and while the Museum didn't bother to explain what the Calamos Family Partners is or are, from all appearances, as the court pointed out in its ruling, it is a financial rather than a legal concern. As for emails 36-40, even now the Museum offered, and continues to offer, no explanation of how museum security – presumable hiring a guard, installing cameras, or whatever (the Museum will not say) – would come under the category of legal advice.

But most remarkable is the Museum's position that in essence is that the mere fact that it included these documents in its privilege log and described them as "legal advice" wins the day – or ought to. [Dkt. #62, Pars. 8, 11]. But obviously, every document that an attorney includes in a privilege log and claims is privileged is not beyond challenge. The principle is so fundamental that it scarcely needs any restatement. Indeed, the Rule requiring a privilege log exists so that a court and opposing counsel determine *if* it should be deemed privileged – not to blindly conclude it is. Even a cursory search for cases involving discovery disputes over claims of attorney-client privilege – which, of course, are legion – proves that stance is a non-starter. If what the Museum asserts were the law, there would be no challenges to privilege claims allowed, and simply including a document in a log would end the inquiry. But, "saying so doesn't make it so." *Allen v. GreatBanc Tr. Co.*, 835 F.3d 670, 679 (7th Cir. 2016). *See* the discussion in *Motorola Solutions, Inc. V. Hytera Communications Corp.*, 2018 WL 1281393 (N.D.Ill. 2018).

Finally, for the first time in these proceedings, the Museum asks for an *in camera* inspection of the documents. The time for that argument, of course, was in the Museum's response brief, but it's nowhere to be found there. Indeed, the Museum has not even fleshed out its claims regarding the documents it wants to withhold. Again, a motion for reconsideration does not allow a party to make arguments or take positions that were available to it in the original round of briefing on the matter. *See, e.g., Melesio-Rodriguez v. Sessions*, 884 F.3d 675, 678 (7th Cir. 2018);*United States v. King*, 490 F. App'x 810, 813 (7th Cir. 2012). In the future, the Museum should "wheel out all its artillery" in the first go around, *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996), rather than waiting for a do-over that will likely never come. The Museum's motion [Dkt. #62] is denied.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 10/22/18